J-S62002-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDY BUXTON | : | |
| | : | |
| Appellant | : | No. 336 WDA 2018 |

Appeal from the Judgment of Sentence July 14, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0012834-2013

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.:               **FILED MARCH 13, 2020**

Andy Buxton appeals, *nunc pro tunc*, from the judgment of sentence entered on July 14, 2016, following his conviction of one count of criminal use of a communications facility,[1] one count of corrupt organizations,[2] three counts of possession with intent to deliver heroin ("PWID"),[3] three counts of delivery of heroin,[4] and three counts of possession of heroin.[5]  On appeal,

---

[1] 18 Pa.C.S.A. § 7512(a).

[2] 18 Pa.C.S.A. § 911(b)(3).

[3] 35 P.S. § 780-113(a)(30).

[4] 35 P.S. § 780-113(a)(30).

[5] 35 P.S. § 780-113(a)(16).

Appellant raises twelve issues,[6] claiming the trial court erred: (1) when it refused to grant a short recess during trial to allow counsel to prepare an alibi defense; (2) failed to suppress recorded telephone conversation between a confidential informant and a narcotics seller; (3) allowed the Commonwealth to commit prosecutorial misconduct; (4) in denying Appellant's motion to suppress the photographic identification of him; (5) in admitting evidence from a cell phone seized without a warrant; (6) in denying a motion for judgment of acquittal on the charge of corrupt organizations; (7) in admitting hearsay evidence; (8) in calculating Appellant's prior record score; (9) in denying Appellant's motion to quash; (10) in denying Appellant's Rule 600 motion; (11) in admitting stipulations without Appellant's consent; and (12) in not holding the conviction on corrupt organizations violated the Pennsylvania Supreme Court's decision in *Commonwealth v. Besch*, 674 A.2d 655 (Pa. 1996). Appellant's Brief, at 5-6; Appellant's Amended Brief, at 3-5. After review, we affirm.

Given the manner in which we dispose of this appeal, we will provide only a brief summary of the background underlying the matter. Between June 2012 and January 2013, agents from the Pennsylvania Attorney General's

---

[6] In his initial brief, Appellant raised eight issues. On June 26, 2019, Appellant sought leave to file an amended brief. On June 28, 2019, this Court granted his request. Appellant filed his amended brief raising four additional issues on July 3, 2019.

Office conducted an investigation into the drug trade in Allegheny County. During that period, two confidential informants engaged in five controlled heroin buys and six cash deliveries with Appellant and his brother, co-defendant Carl Buxton.[7] During the transactions, law enforcement utilized ground level surveillance, aerial video surveillance, and electronic surveillance and recording of telephone conversations.

On January 25, 2013, the agents searched two residences associated with Appellant and his brother. In the first residence, they found multiple cell phones, a digital scale, several thousand dollars in cash, including $800.00 of pre-recorded buy money, and documents bearing the names of both brothers. In the second building, the brothers' primary residence, they found more cell phones, five bricks of heroin, and more documents bearing the names of the brothers.

Despite the agents being unable to locate any legitimate means of employment, Appellant deposited $101,550.00 in a bank account in 2012. The agents were able to ascertain that $6,582.50 came from rental income and another $3,677.93 from the operation of a cleaning franchise.

On October 13, 2013, the Commonwealth filed a criminal information charging Appellant with multiple charges relating to the drug trade. Appellant filed numerous pre-trial motions, including three omnibus pretrial motions.

---

[7] The jury acquitted Carl Buxton of all charges.

Following a hearing, the trial court denied Appellant's motions to suppress on December 23, 2014. On September 28, 2015, Appellant filed a Rule 600 motion. Appellant subsequently filed several more pre-trial motions. The trial court denied the motions on November 23, 2015.

On April, 24, 2016, a jury found Appellant guilty of the aforementioned charges.[8] On July 14, 2016, the trial court sentenced Appellant to an aggregate term of 7 to 14 years' imprisonment. Appellant filed a timely post-sentence motion on July 22, 2016.

On July 27, 2016, Appellant filed a motion for appointment of new counsel, which the trial court granted on August 1, 2016. On August 24, 2017, new counsel filed a petition seeking reinstatement of Appellant's post-sentence motion rights pursuant to the Pennsylvania Post Conviction Relief Act (PCRA).[9] The court granted the PCRA petition on August 30, 2017. After seeking and receiving an extension of time, Appellant filed a motion for arrest of judgment and/or a new trial on February 23, 2018. The trial court denied the motion on February 27, 2018. The instant, timely appeal followed.

---

[8] The jury was unable to reach a verdict on one count of conspiracy to PWID, one count of PWID, one count of delivery of heroin, and one count of possession of heroin. The jury acquitted Appellant of conspiracy to commit corrupt organizations, two counts of PWID, one count of delivery of heroin, and one count of possession of heroin.

[9] 42 Pa.C.S.A. §§ 9541–9546.

On March 7, 2018, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Nineteen days later, Appellant filed a 26-page Rule 1925(b) statement. The next day, without seeking leave of court, Appellant filed an approximately 70-page "Appendix to Concise Statement."

Approximately one month later, Appellant filed a motion seeking leave to amend his Rule 1925(b) statement, which the trial court granted on June 11, 2018. On July 3, 2018, Appellant filed a 4-page "Addendum to Concise Statement of Errors Complained of on Appeal." On March 11, 2019, the trial court issued an opinion.

Initially, we mention the following concerns. While this Court understands the duty to be a zealous advocate,

> . . . we note that it has been held that when an appellant raises an extraordinary number of issues on appeal, as in this case, a presumption arises that there is no merit to them. In ***United States v. Hart***, 693 F.2d 286, 287 n.1 (3rd Cir. 1982), the court had an opportunity to address this situation:
>
> > Because of the inordinate number of meritless objections pressed on appeal, spotting the one *bona fide* issue was like finding a needle in a haystack. One of our colleagues has recently cautioned on the danger of "loquaciousness:"
> >
> > > With a decade and a half of federal appellate court experience behind me, I can say that even when we reverse a trial court it is rare that a brief successfully demonstrates that the trial court committed more than one or two reversible errors. I have said in open court that when I read an appellant's brief

- 5 -

that contains ten or twelve points, a presumption arises that there is no merit to any of them. I do not say that this is an irrebuttable presumption, but it is a presumption nevertheless that reduces the effectiveness of appellate advocacy. Appellate advocacy is measured by effectiveness, not loquaciousness.

Aldisert, The Appellate Bar: Professional Competence and Professional Responsibility—A View From the Jaundiced Eye of One Appellate Judge, 11 Cap.U.L.Rev. 445, 458 (1982).

*Estate of Lakatosh*, 656 A.2d 1378, 1380 n.1 (Pa. Super. 1995).

Further, prior to analyzing the issues in Appellant's brief, this Court must determine whether Appellant properly preserved any issues for our review. *See Commonwealth v. Wholaver*, 903 A.2d 1178, 1184 (Pa. 2006) (holding appellate courts may *sua sponte* determine whether issues have been properly preserved on appeal).

Rule 1925(b)(4) provides, in pertinent part:

(ii) The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge. The judge shall not require the citation to authorities; however, appellant may choose to include pertinent authorities in the Statement.

\* \* \* \*

(iv) The Statement should not be redundant or **provide lengthy explanations** as to any error. Where non-redundant, non-frivolous issues are set forth in an appropriately concise manner, the number of errors raised will not alone be grounds for finding waiver.

Pa.R.A.P. 1925(b)(4)(ii), (iv) (emphasis added).

Here, after Appellant filed a Rule 1925(b) statement that was 26 pages in length, he then filed a close to seventy-page appendix, and a four-page amended statement. In its decision, the trial court discussed at length the difficulty it had in ascertaining Appellant's claims, particularly because he also raised a large number of claims of ineffective assistance of counsel. *See* Trial Court Opinion, 3/11/19, at 11-12.

Given this, we would be well within our rights to find Appellant has waived all issues on appeal. *See Jiricko v. Geico Ins. Co.*, 947 A.2d 206, 210 (Pa. Super. 2008) (finding waiver appropriate remedy where appellant filed five-page incoherent statement of errors); *see also Kanter v. Epstein*, 866 A.2d 394, 401 (Pa. Super. 2004). However, the trial court admirably attempted to address Appellant's claims. *See* Trial Ct. Op., at 11-28. Because of this, despite our grave reservations, we decline to find waiver on this basis and will address the issues in Appellant's appeal to the extent possible given the rambling and discursive nature of the briefs filed by Appellant.

Lastly, throughout his briefs, Appellant contends he received ineffective assistance of all prior counsel[10] and the trial court erred in finding that he could only raise such claims in a PCRA petition. These ineffectiveness claims, however, are premature. In *Commonwealth v. Holmes*, 79 A.3d 562 (Pa.

_____

[10] It appears at least three different attorneys represented Appellant in the pretrial and trial proceedings.

2013), the Supreme Court of Pennsylvania reaffirmed the general rule first set forth in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." **Holmes**, **supra** at 576. Although there are three recognized exceptions to that general rule, no exception is applicable here.[11] Accordingly, Appellant's ineffective assistance of counsel claims are not cognizable on direct appeal and must await collateral review.

In his first claim, Appellant argues the trial court erred in not granting a recess to allow trial counsel to obtain written jail records, which allegedly would have allowed counsel to present an alibi defense to one of the drug transactions. **See** Appellant's Brief, at 14-20. Appellant made this request

_____

[11] The **Holmes** Court recognized two exceptions: (1) where the trial court determines a claim of ineffectiveness is "both meritorious and apparent from the record so that immediate consideration and relief is warranted[;]" or (2) where the trial court finds "good cause" for unitary review, and the defendant makes a "knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA." **Holmes**, **supra** at 564, 577 (footnote omitted). A third exception was recently adopted by our Supreme Court for "claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining PCRA review." **Commonwealth v. Delgros**, 183 A.3d 352, 361 (Pa. 2018) ("[W]here the defendant is ineligible for PCRA review because he was sentenced only to pay a fine, we agree with Appellant that the reasoning in **Holmes** applies with equal force to these circumstances.").

after both he and the Commonwealth had rested their cases, as the trial court was beginning to colloquy him about his decision not to testify. N.T. Trial Vol. II, 4/15/16-4/20/16, at 786, 831-837.

Initially, we note to the extent Appellant is claiming the trial court erred in denying a request for a recess, he waived the claim. We have thoroughly examined the pertinent portion of the transcript and are unable to locate any request for a recess. *See Id.* at 821-837. It is well settled what is not of record does not exist for purposes of appellate review. ***Commonwealth v. Johnson***, 33 A.3d 122, 126 n.6 (Pa. Super. 2011). Therefore, Appellant waived any challenge to the alleged denial of his request for a recess. *See* Pa.R.A.P. 302.

To the extent Appellant argues the trial court abused its discretion by excluding his proposed alibi defense, we disagree. According to Appellant, the records would show he was incarcerated at the time of the July 9, 2012 drug buy and thus could not have participated in it, contrary to the identification testimony of the Commonwealth's witnesses. The trial court ruled Appellant could not use these records at trial because he failed to comply with the notice requirements of Pa.R.Crim.P. 567.

Rule 567 provides, in relevant part:

**Rule 567. Notice of Alibi Defense**

**(A) Notice by Defendant.** A defendant who intends to offer the defense of alibi at trial shall file with the clerk of courts not later than the time required for filing the omnibus pretrial motion provided in Rule 579 a notice specifying an intention to offer an

alibi defense, and shall serve a copy of the notice and a certificate of service on the attorney for the Commonwealth.

> (1) The notice and a certificate of service shall be signed by the attorney for the defendant, or the defendant if unrepresented.

> (2) The notice shall contain specific information as to the place or places where the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses whom the defendant intends to call in support of the claim.

**(B) Failure to File Notice.**

(1) If the defendant fails to file and serve the notice of alibi as required by this rule, the court may exclude entirely any evidence offered by the defendant for the purpose of proving the defense, except testimony by the defendant, may grant a continuance to enable the Commonwealth to investigate such evidence, or may make such other order as the interests of justice require.

Pa.R.Crim.P. 567.

> Accordingly, Rule [567] enables the trial court, when the notice requirement is not met, to take such measures as preventing an alibi witness from testifying and to deny a request for an alibi instruction. Rule [567] is designed to enhance the search for truth in the criminal trial by insuring both the defendant and the state ample opportunity to investigate certain facts crucial to the determination of guilt or innocence.

*Commonwealth v. Poindexter*, 646 A.2d 1211, 1219 (Pa. Super. 1994) (citation and quotation marks omitted). "The imposition of sanctions for violations of Pa.R.Crim.P. [567] rests in the sole discretion of the trial court." *Commonwealth v. Zimmerman*, 571 A.2d 1062, 1067 (Pa. Super. 1990) (citations omitted).

Instantly, Appellant never filed a written alibi notice. As discussed above, he first informed both trial counsel and the trial court of his intention to provide an alibi for one of the drug transactions in the middle of trial after both parties had rested their cases. This is well after the time required for filing pre-trial motions. *See* Pa.R.Crim.P. 579(A).

Appellant appears to argue this was the fault of the trial court because, after his second attorney withdrew, the trial court appointed new counsel a week prior to trial and did not grant him any additional time to prepare. ***See*** Appellant's Brief, at 14. However, Appellant has failed to point to any proof trial counsel or either of the two prior attorneys were aware Appellant had an alleged alibi for the July 9, 2012 drug transaction.

The Commonwealth filed the criminal information, which included the information it was charging Appellant for participating in a July 9, 2012 drug transaction, on October 31, 2013. ***See*** Criminal Information, 10/31/13, at 4. Appellant's request to present the alibi evidence came on April 18, 2016. Appellant has not provided any explanation whatsoever as to why he waited over two years to reveal this information to counsel. Given this, we determine the trial court did not abuse its discretion in not permitting Appellant to present an alibi defense. ***See Zimmerman***, 571 A.2d at 1067. Appellant's first claim does not merit relief.

In his second claim, Appellant contends the Commonwealth violated the Wiretapping and Electronic Surveillance laws at 18 Pa.C.S.A. § 5701, *et. seq.*

because the signature line on the consent form were either unsigned and/or the signature of the confidential informants were hidden and, therefore the trial court should have suppressed the wiretaps. *See* Appellant's Brief, at 21-25. However, Appellant waived this claim.

In reviewing a denial of a motion to suppress, this Court's role is to decide:

> whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where, as here, the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review ... Our scope of review is limited to the evidence presented at the suppression hearing.

*Commonwealth v. Thran*, 185 A.3d 1041, 1043 (Pa. Super. 2018) (citations omitted), *appeal denied*, 195 A.3d 558 (Pa. 2018).

Here, in its 1925(a) opinion, the trial court declined to address this issue because Appellant had not raised it until after trial. *See* Trial Ct. Op., 3/11/19, at 14. This finding is clearly supported by the record.

The record reflects Appellant filed three motions to suppress but did not raise this issue in any of them. *See* Defendant's Omnibus Pretrial Motion, 12/17/14, at unnumbered pages 1-3; Defendant's Omnibus Pretrial Motion,

10/02/15, at unnumbered pages 2-3; and Defendant's Amended Omnibus Pretrial Motion, 10/15/15, at unnumbered pages 2-3. Instead, he raised the issue for the first time in his *nunc pro tunc* post-sentence motion, filed more than eighteen months after the judgment of sentence. **See** Motion for Arrest of Judgment or for a New Trial, 2/23/18, at 11-14. Appellant admits he did not raise the claim before or during trial but argues we should address the merits of the claim and grant him a new trial either because he received ineffective assistance of counsel and/or because this was error on the part of the Commonwealth. **See** Appellant's Brief, at 21-25. We decline to do so.

We have held, "appellate review of [a ruling on] suppression is limited to examination of the precise basis under which suppression initially was sought; no new theories of relief may be considered on appeal." **Commonwealth v. Little**, 903 A.2d 1269, 1272–1273 (Pa. Super. 2006); **see also Commonwealth v. Thur**, 906 A.2d 552, 566 (Pa. Super. 2006) ("When a defendant raises a suppression claim to the trial court and supports that claim with a particular argument or arguments, the defendant cannot then raise for the first time on appeal different arguments supporting suppression."). Therefore, because Appellant did not raise the issue in his

motion to suppress, he waived it.[12]  Appellant's second issue does not merit relief.

In his third issue, Appellant argues the assistant attorney general committed prosecutorial misconduct during opening statements and when she used Appellant's full name on certain exhibits rather than the alias used by the confidential informants.  **See** Appellant's Brief, at 25-28.[13]  However, Appellant waived his claim of prosecutorial misconduct.

We briefly note our standard of review for a claim of prosecutorial misconduct is limited to whether the trial court abused its discretion.  **Commonwealth v. Harris**, 884 A.2d 920, 927 (Pa. Super. 2005) (citation omitted).

Here, we have thoroughly reviewed the record with respect to the claims of prosecutorial misconduct concerning the assistant attorney general's opening statement, her use of a chart with Appellant's name on it, and her

---

[12] Further, we agree with the Commonwealth's argument this is precisely the type of issue which the trial court could have easily resolved had Appellant raised it properly below.  **See** Commonwealth's Brief, at 24-27.  As the Commonwealth notes, it obscured the signatures on the consent forms because it had not yet disclosed the identities of the confidential informants.  **See id.** at 24-25.  Had Appellant raised the issue below, the Commonwealth could have provided unredacted forms to the trial court and/or trial counsel at the appropriate time.

[13] Appellant also contends the trial court erred in admitting certain unspecified stipulations at trial, which pretrial counsel agreed to but trial counsel objected to.  **See** Appellant's Brief, at 28.  However, because this is identical to a claim Appellant raised in his amended brief, we will address it later.

distribution of transcripts to the jury with Appellant's name on it, and are unable to locate any objection made by trial counsel.

Our Supreme Court has held the failure to raise a contemporaneous objection constitutes a waiver of the claim. *See Commonwealth v. Powell*, 956 A.2d 406, 423 (Pa. 2008). Furthermore, this Court will not overlook waiver simply because the trial court addressed the issue in its 1925(a) opinion. *See Commonwealth v. Melendez-Rodriguez*, 856 A.2d 1278, 1287-1289 (Pa. Super. 2004) (*en banc*) (holding defendant's failure to object to admissibility of inflammatory photographs before or during trial waived issue for review on appeal, despite fact defendant raised claim in Pa.R.A.P. 1925(b) statement and court addressed it in opinion). As a result, Appellant waived his challenge to these claims.[14] Appellant's third claim does not merit relief.

In his fourth claim, Appellant argues the trial court erred in denying his motion to suppress the identification testimony of the confidential informants and agents[15] from the Attorney General's office because they identified

_____

[14] In any event, we agree with the trial court, Appellant's challenge to the prosecutor's opening statement lacks merit. *See* Trial Ct. Op., 3/11/19, at 14-15.

[15] To the extent Appellant challenges the identification by the agents, he waived the claim because it was not raised in his motions to suppress. *See* Defendant's Omnibus Pretrial Motion, 12/17/14, at unnumbered pages 1-3; Defendant's Omnibus Pretrial Motion, 10/02/15, at unnumbered pages 2-3; and Defendant's Amended Omnibus Pretrial Motion, 10/15/15; *see also*

Appellant from a single photo rather than from a photo array. Appellant's

Brief, at 29-31. We disagree.

As noted above, we review "whether the suppression court's factual

findings are supported by the record and whether the legal conclusions drawn

from those facts are correct." *Thran*, 906 A.2d at 1043.

> Whether an out of court identification is to be suppressed as
> unreliable, and therefore violative of due process, is determined
> from the totality of the circumstances. Suggestiveness in the
> identification process is a factor to be considered in determining
> the admissibility of such evidence, but suggestiveness alone does
> not warrant exclusion. Identification evidence will not be
> suppressed unless the facts demonstrate that the identification
> procedure was so impermissibly suggestive as to give rise to a
> very substantial likelihood of irreparable misidentification.

*Commonwealth v. Fulmore*, 25 A.3d 340, 346 (Pa. Super. 2011) (quotation

marks and citations omitted). The courts review the propriety of a challenged

identification to determine whether, under the circumstances, the

identification was reliable. *See Commonwealth v. Kearney*, 92 A.3d 51, 65

(Pa. Super. 2014).

> Suggestiveness in the identification process is but one factor to be
> considered in determining the admissibility of such evidence and
> will not warrant exclusion absent other factors. As this Court has
> explained, the following factors are to be considered in
> determining the propriety of admitting identification evidence:
> the opportunity of the witness to view the perpetrator at the time
> of the crime, the witness' degree of attention, the accuracy of his
> prior description of the perpetrator, the level of certainty

---

*Little*, 903 A.2d at 1272–1273; *Thur*, 906 A.2d at 566. To the extent he
challenges the identification by the second confidential informant, he waived
the claim because he abandoned it at the suppression hearing. *See* N.T.
Suppression Hearing, 12/23/14, at 31-54.

demonstrated at the confrontation, and the time between the crime and confrontation. The corrupting effect of the suggestive identification, if any, must be weighed against these factors.

*Id.* (citation omitted).

Moreover, our Supreme Court has held, "[w]hile the use by police of a single photograph of a suspect in securing identification by a witness **can constitute an improperly suggestive procedure**, *Manson v. Brathwaite,* 432 U.S. 98 . . . (1977), the reliability of a challenged identification is to be judged under a test employing the totality of the circumstances." *Commonwealth v. Buehl*, 508 A.2d 1167, 1178 (Pa. 1986) (some quotation marks omitted) (emphasis added). Here, our review of the record demonstrates, under the totality of the circumstances, the identification procedure was not improperly suggestive.

The record reflects the first confidential informant had been involved in drug transactions for over six months with Appellant at the time the agent showed him or her the photograph. *See* N.T., Suppression Hearing, 12/23/14, at 31-54. While he or she did not know Appellant's name or address, he or she met with him several times a week and provided a description of him to the agents. *See id.* There was no testimony anyone did anything to influence the informant's identification. Thus, there is nothing in the record that demonstrates the procedure was unduly suggestive. *See Buehl*, *supra* at 1178. Appellant's fourth claim does not merit relief.

In his fifth claim, Appellant contends the trial court erred in not suppressing evidence obtained from cell phones seized by the Commonwealth without a warrant. *See* Appellant's Brief, at 31-33. However, Appellant waived this claim because he did not raise it in any of his pre-trial motions to suppress, raising it for the first time in his *nunc pro tunc* post-sentence motions. *See* Defendant's Omnibus Pretrial Motion, 12/17/14, at unnumbered pages 1-3; Defendant's Omnibus Pretrial Motion, 10/02/15, at unnumbered pages 2-3; and Defendant's Amended Omnibus Pretrial Motion, 10/15/15, at unnumbered pages 2-3; Motion for Arrest of Judgment or for a New Trial, 2/23/18, at 18-19. Thus, Appellant's fifth claim does not merit relief. *See Little*, 903 A.2d at 1272–1273; *Thur*, 906 A.2d at 566.

In his sixth claim, Appellant contends the trial court erred in denying his motion for a judgment of acquittal with respect to the charge of corrupt organizations.[16] Appellant's Brief, at 33-35. However, Appellant waived this claim.

---

[16] The statute provides, in pertinent part:

**(b) Prohibited activities.—**

\* \* \* \*

> (3) It shall be unlawful for any person employed by or associated with any enterprise to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.

"A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge." **Commonwealth v. Emanuel**, 86 A.3d 892, 894 (Pa. Super. 2014). We apply the following standard of review when considering a challenge to the sufficiency of the evidence:

> [W]hether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond

---

* * * *

**(h) Definitions.--As used in this section:**

(1)   **"Racketeering activity"** means all of the following:

* * * *

(ii) An offense indictable under section 13 of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act (relating to the sale and dispensing of narcotic drugs).

* * * *

(3) **"Enterprise"** means any individual, partnership, corporation, association or other legal entity, and any union or group of individuals associated in fact although not a legal entity, engaged in commerce and includes legitimate as well as illegitimate entities and governmental entities.

(4) **"Pattern of racketeering activity"** refers to a course of conduct requiring two or more acts of racketeering activity one of which occurred after the effective date of this section.

18 Pa.C.S.A. §§ 911(b)(3), (h)(1)(ii), (h)(3), and (h)(4).

- 19 -

a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, or part or none of the evidence.

*Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation omitted).

Instantly, we are unable to address the merits of Appellant's claim, because his Rule 1925(b) statement did not sufficiently identify the error that he intended to challenge on appeal.

As this Court has consistently held:

If Appellant wants to preserve a claim that the evidence was insufficient, then the [Rule] 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. [Where a Rule] 1925(b) statement [ ] does not specify the allegedly unproven elements[,] . . . the sufficiency issue is waived [on appeal].

*Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008) (citation and emphasis omitted).

Here, Appellant's Rule 1925(b) statement is nearly identical to his brief on appeal and is all but incoherent. Appellant views the facts in the light most

favorable to him and to the extent we can decipher his contention, it appears to be less a challenge to the sufficiency of the evidence than a claim that the jury's verdict was inconsistent.[17]   **See** Concise Statements of Matters Complained of on Appeal, 3/26/18, at 19-20; Appellant's Brief, at 33-35.  In its Rule 1925(a) opinion, the trial court specifically found, because of Appellant's vague 1925(b) statement, he waived his sufficiency of the evidence claim.  Trial Ct. Op., 3/11/19, at 15-18.

We agree Appellant's Rule 1925(b) statement did not identify which element of the conviction he was challenging, and because of its disjointed and discursive nature made it impossible to discern his claim.  We must conclude Appellant's sufficiency of the evidence claim is waived on appeal.[18]

**See Williams**, **supra** at 1257.  Appellant's sixth claim does not merit relief.

_____

[17] It is long settled:

> [i]nconsistent verdicts, while often perplexing, are not considered mistakes and do not constitute a basis for reversal.  Rather, the rationale for allowing inconsistent verdicts is that it is the jury's sole prerogative to decide on which counts to convict in order to provide a defendant with sufficient punishment.

**Commonwealth v. Thoeun Tha**, 64 A.3d 704, 711 (Pa. Super. 2013).

[18] In any event, we agree with the trial court's analysis; the evidence was sufficient to sustain the conviction.  **See** Trial Ct. Op., 3/11/19, at 18; **see also Commonwealth v. Dellisanti**, 876 A.2d 366, 370 (Pa. 2005) (applying the Corrupt Organizations Act to fact pattern involving two defendants involved in multiple sales of drug paraphernalia).

In his seventh claim Appellant argues the trial court erred in admitting hearsay evidence. *See* Appellant's Brief, at 35-36. However, Appellant waived the issue.

In its 1925(a) opinion, the trial court found Appellant waived the claim as it was unable to ascertain the specifics of the claim from Appellant's vague statement. *See* Trial Ct. Op., 3/11/19, at 26-28. Again, we applaud the trial court's diligence in guessing and attempting to address the merits of the claim. However, we are not certain the trial court addressed the correct issue as we are unable to ascertain from Appellant's argument on appeal the location of the allegedly objected to testimony and whether Appellant preserved the issue for appeal. Also, Appellant's claim on appeal appears to be less a claim regarding the admission of hearsay evidence than a claim the trial court should have suppressed physical evidence either because of the admission of hearsay, because the grand jury did not properly authorize the search warrant, and the admission violated his rights under the Confrontation Clause of the United States Constitution. *See* Appellant's Brief, at 35-36.

Appellant's argument is undeveloped and scattershot. This Court will not act as counsel and will not develop arguments on behalf of an appellant. *See In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012). When deficiencies in a brief hinder our ability to conduct meaningful appellate review, we can dismiss the appeal entirely or find certain issues to be waived. *See* Pa.R.A.P. 2101; *R.D.*, 44 A.3d at 674; *see also Commonwealth v. Dowling*, 778 A.2d 683,

686 (Pa. Super. 2001) (finding waiver where 1925(b) statement was too vague to allow trial court to ascertain specifics of appellant's claim). Accordingly, we find Appellant waived his seventh claim.

In his eighth claim, Appellant challenges the discretionary aspects of his sentence, complaining the trial court miscalculated his prior record score[19] and argues his sentence was harsh and excessive. Appellant's Brief, at 36-41. However, Appellant waived this claim.

It is well-established "[a] challenge to the discretionary aspects of sentencing does not entitle an appellant to review as of right." *Commonwealth v. Bynum–Hamilton*, 135 A.3d 179, 184 (Pa. Super. 2016). In order to invoke this Court's jurisdiction to address such a challenge, the appellant must satisfy the following four-part test: the appellant must (1) file a timely notice of appeal pursuant to Pa.R.A.P. 902, 903; (2) preserve the issues at sentencing or in a timely post-sentence motion pursuant to Pa.R.Crim.P. 720; (3) ensure the appellant's brief does not have a fatal defect as set forth in Pa.R.A.P. 2119(f); and (4) set forth a substantial question the

---

[19] While Appellant attempts to argue otherwise in his reply brief, *see* Appellant's Reply Brief, at 4-5, it is settled a challenge to the calculation of the prior record score goes to the discretionary aspects, not legality of sentence. *See Commonwealth v. Sanchez*, 848 A.2d 977, 986 (Pa. Super. 2004) (holding miscalculation of prior record score "constitutes a challenge to the discretionary aspects of [a] sentence"); *see also Commonwealth v. O'Bidos*, 849 A.2d 243, 253 (Pa. Super. 2004) (same).

sentence appealed from is not appropriate under the Sentencing Code under 42 Pa.C.S.A. § 9781(b). ***Id.***

While Appellant filed a timely notice of appeal and preserved his sentencing claim in a post-sentence motion, the Commonwealth objects to his failure to include a Rule 2119(f) statement in his appellate brief. When challenging the discretionary aspects of sentence, "an appellant must include in his or her brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Griffin***, 149 A.3d 349, 353–54 (Pa. Super. 2016) (citation omitted), *affirmed*, 207 A.3d 827 (Pa. 2019). "Where an appellant fails to comply with Pa.R.A.P. 2119(f) and the Commonwealth objects, the issue is waived for purposes of review." ***Commonwealth v. Montgomery***, 861 A.2d 304, 308 (Pa. Super. 2004). In this case, the Commonwealth's objection to Appellant's failure to adhere to our rules requiring inclusion of a Rule 2119(f) statement in his appellate brief results in the waiver of Appellant's sentencing claim on appeal. Appellant's eighth claim does not merit relief.

In his ninth and tenth claims, Appellant maintains the trial court erred in denying his motion to quash and his speedy trial motion. Appellant's Amended Brief, at unnumbered pages 3-4. However, Appellant waived both claims.

We briefly note our standards of review for both issues is an abuse of discretion. ***Commonwealth v. Holt***, 175 A.3d 1014, 1018 (Pa. Super. 2017) (citation omitted) (standard of review speedy trial); ***Commonwealth v. Wyland***, 987 A.2d 802, 804–05 (Pa. Super. 2010) (citations and quotation marks omitted) (standard of review denial of motion to quash).

Instantly, Appellant claims a hearing on both motions took place on November 20, 2015. ***See*** Appellant's Addendum to Concise Statement, 7/03/18, at 1-2; Appellant's Amended Brief, at unnumbered pages 3-4. However, the docket does not list a motion hearing on that date. Further, our review of the certified record demonstrates it does not contain a transcript for that date and none of the other transcripts contain any hearing on these issues. In his notice of appeal, Appellant did not request any transcripts, stating he was already in possession of them. ***See*** Notice of Appeal, 3/05/18, at Certificate of Service.

We have stated "[w]hen the appellant . . . fails to conform to the requirements of [Pa.R.A.P.] 1911 [relating to transcript requests], any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review." ***Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*) (citation omitted). Further, it is the appellant's responsibility to make certain the certified record contains all items necessary to ensure that this Court is

able to review his claims. **_See Commonwealth v. B.D.G._**, 959 A.2d 362, 372 (Pa. Super. 2008) (*en banc*). This Court has stated:

> It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in the case. It is also well-settled in this jurisdiction that it is Appellant's responsibility to supply this Court with a complete record for purposes of review. A failure by appellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes waiver of the issue sought to be examined.

**_Commonwealth v. Martz_**, 926 A.2d 514, 524-25 (Pa. Super. 2007) (citations and quotation marks omitted). Because Appellant failed to ensure the certified record contained the necessary transcripts to enable us to review his claims, he waived them. Thus, Appellant's ninth and tenth claims do not merit relief.

In part of his third and his eleventh claim, Appellant contends, "the stipulations which was [sic] objected to made the outcome a foregone conclusion." Appellant's Amended Brief, at unnumbered page 4; **_see also_** Appellant's Brief, at 28. It is not clear from Appellant's undeveloped arguments on this issue whether Appellant is alleging error because pre-trial counsel agreed to unspecified stipulations[20] over his objections, if he is

---

[20] While Appellant cites to various pages in the trial transcript which he contends contain the stipulations in question, we have been unable to locate them. **_See_** Appellant's Amended Brief, at unnumbered page 4. To the extent we are able to discern the specifics of the claim, they appear to relate to stipulations regarding the admission of bank records and the items seized from Appellant's residences.

claiming trial court should not have bound trial counsel to stipulations entered into with pre-trial counsel, or if he claims the assistant attorney general somehow committed misconduct by presenting stipulations agreed to in advance by prior defense counsel. Appellant attempts to avoid a finding of waiver by claiming both that he personally disagreed with pre-trial counsel's decision to agree to the stipulations, *see* N.T. Suppression Hearing, 12/23/14, at 81-91, and by noting trial counsel objected to the admission of the stipulations at trial, *see* N.T. Trial Vol. I., 4/12/16, at 330-35.

However, Pennsylvania law does not allow hybrid representation either at trial or on the appellate level. *See Commonwealth v. Padilla*, 80 A.3d 1238, 1259 (Pa. 2013). Moreover, the United States Supreme Court has held there are numerous choices relating to the conduct of trial, and, with respect to choices by counsel regarding the admission of evidence, the defendant is bound. *See United States v. Gonzalez*, 553 U.S. 242, 248-49 (2008). Accordingly, at least for purposes of direct appeal, Appellant cannot avoid waiver by claiming he personally disagreed with counsel's decision to agree to the stipulations. Moreover, Appellant has not pointed to, and we cannot locate, any pertinent law which allows new counsel to disavow stipulations entered into by prior counsel and we see no basis to upset the trial court's finding that prior counsel's stipulation bound trial counsel. These parts of Appellant's third and eleventh claim do not merit relief.

In his twelfth claim, Appellant appears to argue the Pennsylvania Supreme Court's decision in *Besch*, 674 A.2d 655 (Pa. 1996), invalidates his conviction for corrupt organizations. *See* Appellant's Amended Brief, at unnumbered pages 4-5.[21] We disagree.

In *Besch*, our Supreme Court held the prosecution of a completely illegitimate drug trafficking organization was not within the scope of the version of Pennsylvania's corrupt organization law, which was then in effect. *Besch*, 674 A.2d at 659. In response to *Besch*, however, the legislature amended the law to include wholly illegitimate organizations such as drug trafficking rings. *See* 18 Pa.C.S. § 911(h)(3), as amended, June 19, 1996 (effective immediately). In *Kendrick v. District Attorney of Philadelphia County*, 916 A.2d 529 (Pa. 2007), our Supreme Court revisited *Besch*, and, while declining to overturn it, specifically limited its holding to those cases that arose prior to June 19, 1996, the effective date of the amended corrupt organization law. *Kendrick*, 916 A.2d at 540. As Appellant's case arose in 2013, after the effective date of the 1996 amendment, *Besch* is inapplicable. Appellant's twelfth claim does not merit relief.

Appellant's issues are either waived or lack merit. As a result, we affirm the judgment of sentence.

---

[21] We note that while Appellant refers to *Besch* repeatedly in his argument, he does not actually cite the case at any point. *See* Appellant's Amended Brief, unnumbered at 4-5.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/2020